UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD FLORES,

        Plaintiff,

  v.

CITY OF LAKEWOOD et al.,

        Defendants.

CASE NO. C15-5013 BHS-JRC

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Currently before the Court is plaintiff's motion for appointment of counsel (Dkt. 8). The Court is waiting to see if defendants will accept service by mail. Defendants have until March 12, 2015, to accept service by mail. At this time, defendants have entered special notices of appearance and have not waived personal service of process (Dkt. 10 and 11).

    Plaintiff has used a form motion for a habeas corpus action filed pursuant to 28 U.S.C. § 2254 to request appointment of counsel (Dkt. 8.). This is a civil rights action, not a habeas

corpus action. There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff alleges police used excessive force when they shot him on August 25, 2012 (Dkt. 1). Plaintiff's complaint survived initial screening and the Court ordered the Clerk's Office to attempt service by mail. Plaintiff has articulated his claim clearly. The Court is not in a position to evaluate plaintiff's likelihood of success on the merits at this stage of the litigation. The Court is still waiting to see if it will be necessary to have the United States Marshal's Office personally serve defendants.

The Court denies plaintiff's motion for appointment of counsel without prejudice. Plaintiff may renew his motion in the future if he believes that he meets the criteria in accordance with the proper standard for review that is set forth above.

Dated this 2nd day of March, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL WITHOUT
PREJUDICE - 2