1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ARNOLD FLORES,

11

Plaintiff,

12

v.

13

CITY OF LAKEWOOD et al.,

14

Defendants.

CASE NO. 3:15-CV-05013-BHS-JRC

ORDER GRANTING LEAVE TO
FILE FIRST AMENDED
COMPLAINT

15

16

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17

Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

18

636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

19

    Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint

20

pursuant to 42 U.S.C. § 1983. Presently before the Court is plaintiff's motion to amend

21

complaint. Dkt. 32. Plaintiff seeks to add defendant Officer Dan Tenney to his original

22

complaint. *Id.* Defendant filed a response objecting to plaintiff's motion to amend. Dkt. 33. Also

23

pending is defendant's motion to dismiss (Dkt. 20), which the Court will address in a separately

24

filed Report and Recommendation.

Under Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
>
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires

Defendant filed a motion to dismiss -- a responsive pleading -- on April 2, 2015. Dkt. 20. Plaintiff filed his motion to amend on June 26, 2015, which was more than 21 days after the motion to dismiss was filed. *See* Dkt. 32. As plaintiff is unable to amend his complaint as a matter of course under Rule 15(a)(1) and does not have defendant's consent to amend, he must have leave of the court to amend his complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). Leave to amend should be allowed unless the complaint cannot state a claim under any conceivable set of facts. *Breier v. Northern Cal. Bowling Proprietors' Association*, 316 F.2d 787, 790 (9th Cir. 1963).  In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*. 170 F.3d 877, 880 (9th Cir. 1999)). Further, the Ninth Circuit "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies

1   unless it is clear that [the deficiencies] cannot be overcome by amendment." *Eldridge v. Block*,

2   832 F.2d 1132, 1135-36 (9th Cir. 1987). The denial of a motion for leave to amend pursuant to

3   Rule 15(a) is reviewed "for abuse of discretion and in light of the strong public policy permitting

4   amendment." *Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).

5       Plaintiff's original complaint alleges excessive force, violations of constitutional rights on

6   a theory of customs and policies and failure to train and violation of due process. Dkt. 7. Plaintiff

7   filed his motion to amend seeking to add a new defendant Officer Dan Tenney that was

8   "inadvertently left out" of plaintiff's original complaint and alleges that the claim against Officer

9   Dan Tenney was discovered "since the filing of the complaint." Dkt. 32. In liberally construing

10  plaintiff's pleading, it also appears that he attempts to cure deficiencies in his original complaint

11  raised by defendants' motion to dismiss. *See id;* Dkt. 20. *Pena v. Gardner*, 976 F.2d 469 (9th

12  Cir. 1992) (the Court liberally construes a pro se pleading).  Allowing plaintiff to amend his

13  complaint will not result in undue delay; the deadline for discovery is September 18, 2015. Dkt.

14  24.  Defendants argue that plaintiff's claim is futile. Dkt. 33. However, it is not clear from

15  plaintiff's proposed amended complaint that he would not be entitled to any relief. *See* Dkt. 32.

16  Furthermore, the Court must also provide plaintiff with the opportunity to amend his complaint,

17  as plaintiff, a *pro se* litigant, appears to be able to cure the deficiencies of his complaint.

18  Accordingly, the Court finds that justice requires that plaintiff be allowed to amend his

19  complaint.

20      Plaintiff is advised that the amended complaint will operate as a complete substitute for

21  (rather than a mere supplement to) the original complaint (Dkt. 7).  In other words, an amended

22  complaint supersedes the original in its entirety, making the original as if it never existed.  *See*

23  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Reference to a prior pleading or another

24

1  document is unacceptable – once plaintiff files an amended complaint, the original pleading or

2  pleadings will no longer serve any function in this case. Therefore, plaintiff's attached proposed

3  complaint is not acceptable as he attempts to add the claims against Officer Tenney and

4  incorporate the original complaint. *See* Dkt. 32 ("Attached []First Amended Complaint sheet 25

5  and 26 are additional sheets to the original complaint … Attached First Amended Complaint also

6  reflects additional propose[d] relief pertaining to the added defendant."). Plaintiff must file a new

7  and complete complaint – which he should title "First Amended Complaint."  All claims and the

8  involvement of every defendant should be included in the first amended complaint; otherwise,

9  the claims will no longer exist.

10       Plaintiff's motion to file an amended complaint (Dkt. 32) is granted. Plaintiff may file an

11  amended complaint on or before August 21, 2015.  If plaintiff fails to submit a complete

12  amended complaint by that date, this action will proceed on the original complaint (Dkt. 7).

13       Dated this 20th day of July, 2015.

14

15       J. Richard Creatura

16       United States Magistrate Judge

17

18

19

20

21

22

23

24