UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARNOLD FLORES,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF LAKEWOOD et al.,<br><br>                    Defendants. | CASE NO. 3:15-CV-05013-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: August 14, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Defendants Julie Anderson, Paul Pastor, Pierce County Sheriff's Department and Trent Stephens filed the pending motion to dismiss on April 2, 2015, asserting that plaintiff's complaint failed to state a claim upon which relief could be granted. Dkt. 20. Plaintiff filed a response (Dkt. 29) and defendants filed a reply (Dkt. 31). Plaintiff then filed a motion to amend his complaint. Dkt. 32. In a separate order, the Court granted plaintiff's motion to file an amended complaint.  *See* Dkts. 32, 34.

1    An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d
2 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v.*
3 *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*,
4 693 F.3d 896 (9th Cir. 2012). Defendant's motion to dismiss attacks the original complaint,
5 which will be "non-existent" because plaintiff was granted leave to file an amended complaint.
6 Accordingly, the undersigned recommends defendant's motion to dismiss (Dkt. 20) be denied as
7 moot. The Court notes defendant has the right to renew his motion to dismiss at the appropriate
8 time.
9    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
10 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
11 objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
12 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time
13 limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August
14 14, 2015, as noted in the caption.
15    Dated this 20th day of July, 2015.

16

17                                                    J. Richard Creatura
18                                                    United States Magistrate Judge