UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD FLORES,

        Plaintiff,

v.

CITY OF LAKEWOOD, et al..

        Defendants.

CASE NO. 3:15-CV-05013-BHS-JRC

ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are plaintiff's motion for extension to complete discovery (Dkt. 39), motion for production of documents (Dkt. 40) and motion for appointment of counsel (Dkt. 43) and defendants Pierce County, Pierce County Sheriff's Department, Anderson, Pastor and Stephens' (the "Pierce County defendants") request to stay discovery (Dkt. 48). Also pending is the Pierce County defendants' motion to dismiss (Dkt. 37), which the Court will address in a separately filed report and recommendation.

ORDER - 1

**A. Motion for Extension to Complete Discovery (Dkt. 39) and the Pierce County Defendants' Request to Stay Discovery (Dkt. 48)**

On April 7, 2015, the Court set the deadlines for discovery on September 18, 2015 and for the filing of dispositive motions on October 23, 2015. Dkt. 24. On August 25, 2015, plaintiff filed a motion for extension to complete discovery. Dkt. 39. Defendants Anderson, City of Lakewood, Hall, Johnson, Kolp, Osness, Viengsavahn, Sivankeo and Tenney filed a response to plaintiff's motion, objecting to plaintiff's request for an extension. Dkt. 47. The Piece County defendants also objected to plaintiff's motion, stating that plaintiff does not have good cause for an extension. Dkt. 48. In the alternative, the Pierce County defendants request that the Court stay discovery and refrain from ruling on plaintiff's motion for an extension until the Court has ruled on defendants' pending motion to dismiss. *Id. See* Dkt. 37.

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

In his motion, plaintiff states that he "inadvertently" failed to submit the first request for production of documents to the other parties in a timely manner, that he is without experience, training and education related to legal proceedings and that he "incorrectly assumed to wait for [the] court's decision with regard to defendants['] motion to dismiss before submitting the first

ORDER - 2

1 | request for the production of documents to the other parties." *Id.* at 2. Plaintiff further states that
2 | due to serious medical issues, plaintiff was required to take medication that affects his physical,
3 | emotional and mental status. *Id.* at 3.

4 | The Court finds that plaintiff shows good cause for an extension. Plaintiff has explained
5 | why he failed to conduct discovery in the months before the deadline expired, his medical issues
6 | and assumption, albeit incorrect, about the pending motion to dismiss. Further, his motion for
7 | production of documents (Dkt. 40) shows he has taken steps to identify what documents he seeks
8 | from discovery. However, plaintiff does not request a specific timeline for the extension,
9 | therefore, the Court will grant a 60-day extension of the pretrial deadlines at this time.

10 | As to the Pierce County defendants' request that the Court stay discovery and refrain
11 | from ruling on plaintiff's motion for an extension until the Court has ruled on the pending
12 | motion to dismiss, *see* Dkt. 48, a court may relieve a party of the burdens of discovery while a
13 | dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at*
14 | 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). *See also*
15 | *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013)
16 | (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive
17 | of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be
18 | decided without additional discovery). Where discovery will not affect the 12(b) decision,
19 | staying discovery ensures the defendant's motion is properly addressed and advances "the goals
20 | of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.
21 | 1988).

22 | Here, the pending motion to dismiss (Dkt. 37) only addresses claims against the Pierce
23 | County defendants. The Court finds that the pending motion to dismiss is "potentially dispositive

… of at least … the issue on which discovery is sought" against the Pierce County defendants, can be decided without additional discovery and that a partial stay would advance the efficiency of the Court. *See Ministerio Roca Solida,* 288 F.R.D. at 506; *Little*, 863 F.2d at 685. Thus, the Court grants in part the Pierce County defendants' request to stay discovery. The Court limits the stay to any discovery against defendants Pierce County, Pierce County Sheriff's Department, Pastor, Stephens and Anderson and the claims addressed in the pending motion to dismiss (Dkt. 37).

**B. Motion for Production of Documents (Dkt. 40)**

Plaintiff asks the Court to order defendants to produce the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. However, a court order is not required to conduct discovery and discovery requests are not filed with the Court. Plaintiff is directed to the Court's Pretrial Scheduling Order dated April 7, 2015 which generally governs the conduct of discovery in this case. *See* Dkt. 24. Plaintiff must first serve his discovery requests on the parties pursuant to the rules of discovery. Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

In the event the discovery requests are not complied with, plaintiff must confer with opposing counsel in a good faith attempt to resolve the discovery dispute. Finally, if the attempt to confer is unsuccessful, plaintiff may file a motion to compel, which shall include a certification that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure. Only

1  after all these steps have been complied with may plaintiff file a discovery motion with the
2  Court.

3    **C.  Motion for Appointment of Counsel (Dkt. 43)**

4    No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*
5  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S.*
6  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is
7  discretionary, not mandatory").  However, in "exceptional circumstances," a district court may
8  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28
9  U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*
10 *grounds,* 154 F.3d 952 (9th Cir. 1998).  To decide whether or not exceptional circumstances
11 exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the
12 petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."
13 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718
14 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient
15 grasp of his case or the legal issue involved and an inadequate ability to articulate the factual
16 basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.
17 2004).

18    In his complaint, plaintiff alleges that defendants violated his rights under the Fourth and
19 Fourteenth Amendment during an arrest on August 25, 2012. Dkt. 36. Plaintiff seeks monetary
20 damages. *Id.* Plaintiff's motion states that he is unable to afford counsel, the issues in his case are
21 complex and he wrote letters to several attorneys but has not received a response. Dkt. 43 at 1.
22 Here, despite plaintiff's argument that the issues in his case are complex, his claims under the
23 Fourth and Fourteenth Amendments are presented in a clear fashion that is understandable to the
24

ORDER - 5

Court. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

While his claims may have merit, it is not possible to determine plaintiff's likelihood of success at this point in the litigation. Because plaintiff has demonstrated his ability to articulate his claim without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time, the Court denies plaintiff's motion for appointment of counsel.

It is therefore, ORDERED:

(1) Plaintiff's motion for extension (Dkt. 39) is granted. The Pretrial Scheduling Order shall be amended as follows: Discovery shall be completed by November 18, 2015; dispositive motions shall be filed by December 18, 2015.

(2) Defendants Pierce County, Pierce County Sheriff's Department, Pastor, Stephens and Anderson's request to stay discovery is granted in part (Dkt. 48). Discovery in this matter as to all claims against defendants Pierce County, Pierce County Sheriff's Department, Julie Anderson, Pastor and Stephens shall be stayed pending the Court's ruling on the pending motion to dismiss (Dkt. 37).

(3) Plaintiff's motion for production of documents (Dkt. 40) is denied.

(4) Plaintiff's motion for appointment of counsel (Dkt. 43) is denied.

Dated this 9th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge