1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                      AT TACOMA

8    ARNOLD FLORES,

                              Plaintiff,          CASE NO. 3:15-CV-05013-BHS-JRC
9
                                                  REPORT AND RECOMMENDATION
        v.
10                                                NOTED FOR: NOVEMBER 13, 2015
     CITY OF LAKEWOOD, et al.
11
                              Defendants.
12

13          This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate

14   Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,

15   MJR 3, and MJR 4. Before the Court is defendants Julie Anderson,[1] Pastor, Stephens, Pierce

16   County, and Pierce County Sheriff's Department's ("Pierce County defendants") motion to

17   dismiss. Dkt. 37.

18          Plaintiff alleges that during an arrest, defendants Osness and Kolp used excessive force

19   when they shot him twice. Dkt. 36 at 1. Plaintiff alleges that defendant Stephens committed

20   perjury during his jury trial and conspired to fabricate evidence to conceal the use of excessive

21   force. *Id.* at 3. Plaintiff alleges that defendants Julie Anderson, Pastor, Pierce County and the

22   Pierce County Sheriff's Department failed to train and supervise defendant Stephens and

23   _____

24          [1] For clarification purposes, the Court will refer to defendant Julie Anderson by her first
     and last name as there is another defendant, Don Anderson, named in plaintiff's complaint.

REPORT AND RECOMMENDATION - 1

1   implemented customs and policies that caused defendant Stephens to commit perjury and

2   conspire to fabricate evidence. *Id.* at 15, 24-25. Plaintiff also alleges defendant Stephens' actions

3   amount to a violation of his right to equal protection. *Id.* at 18.

4          As to plaintiff's claims that defendant Stephens committed perjury during plaintiff's jury

5   trial, the Court recommends granting the Pierce County defendants' motion to dismiss because

6   plaintiff cannot maintain an action for damages that calls into question the propriety of a criminal

7   conviction unless that conviction has been overturned or expunged. As to plaintiff's claims that

8   defendant Stephens conspired to fabricate evidence related to the use of excessive force, the

9   Court recommends granting the Pierce County defendants' motion to dismiss because defendant

10  Stephens' alleged conspiracy to fabricate the police report did not cause an unconstitutional

11  deprivation of life, liberty, or property. The Court finds that plaintiff has also failed to state a

12  claim of equal protection and recommends granting the Pierce County defendants' motion to

13  dismiss.  The Court recommends that plaintiff be granted leave to amend this claim.

14                                     STANDARD OF REVIEW

15         *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

16  a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

17  theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See*

18  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

19         For purposes of ruling on this motion, material allegations in the complaint are taken as

20  admitted and the complaint is construed in plaintiffs' favor. *Keniston v. Roberts*, 717 F.2d 1295,

21  1300 (9th Cir. 1983).  "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to

22  dismiss does not need detailed factual allegations, plaintiffs' obligation to provide the grounds

23  for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

24

1  the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal

2  citations omitted).  "Factual allegations must be enough to raise a right to relief above the

3  speculative level, on the assumption that all the allegations in the complaint are true (even if

4  doubtful in fact)."  *Id*. at 545.  Plaintiff must allege "enough facts to state a claim to relief that is

5  plausible on its face."  *Id*. at 570.  The Court liberally construes a pro se pleading but cannot

6  supply facts to a complaint.  *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

7                                    PROCEDURAL HISTORY

8          Plaintiff was granted *in forma pauperis* status on February 3, 2015. Dkt. 6.

9  In response to plaintiff's original complaint (Dkt. 7), the Pierce County defendants filed their first

10  motion to dismiss. Dkt. 20. However, before the first motion to dismiss was decided, plaintiff

11  filed a motion for leave to file an amended complaint seeking to add defendant Tenney to his

12  complaint. Dkt. 32. The Court granted such leave and the Pierce County defendants' first motion

13  to dismiss was denied as moot. Dkts. 34, 35, 42. The Court noted that defendants had the right to

14  renew their motion to dismiss at the appropriate time. *See* Dkt. 35.

15          Plaintiff files this current cause of action alleging violations of 42 U.S.C. § 1983 against

16  defendants City of Lakewood, Anderson, Lakewood Police Department, Farrar, Osness, Kolp,

17  Tenney, Hall, Johnson, Sivankeo, Pierce County, Anderson, Pierce County Sheriff's Department,

18  Pastor, Stephens, "unknown organizations," and "unknown individuals." Dkt. 36. The Pierce

19  County defendants move to dismiss plaintiff's complaint on the basis that plaintiff has failed to

20  state a claim upon which relief can be granted. *See* Dkt. 37. Plaintiff filed a response. Dkt. 49.

21  The Pierce County defendants filed a reply. Dkt. 53. Plaintiff filed a surreply on October 7, 2015.

22  Dkt. 55.

23

24

1                         STATEMENT OF FACTS

2        Plaintiff Arnold Flores is currently incarcerated at Stafford Creek Corrections Center

3 ("SCCC"). *See generally* Dkt. Plaintiff alleges that on August 25, 2012, defendants Osness,

4 Kolp, Tenney, Stephens and "other law enforcements" responded to a domestic violence incident

5 involving plaintiff at the Washington State Employee Credit Union Bank in Pierce County. Dkt.

6 36 at 3. Plaintiff refers to and cites the transcripts from his criminal conviction. *Id.* at 3-13. Thus,

7 the Court considers the opinion from the Washington State Court of Appeals without converting

8 the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, F.3d 903,

9 908 (9th Cir. 2003) (materials include documents attached to the complaint, documents

10 incorporated by reference in the complaint, or matters of judicial notice) (*citing Van Buskirk v.*

11 *CNN*, 284 F.3d 977, 980 (9th Cir. 2000); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

12        The Washington State Court of Appeals summarized the facts relating to plaintiff's arrest as

13 follows:

14         Flores arranged to meet his estranged wife, Yonhee, at the Washington State
Employees Credit Union in Lakewood on August 25, 2012. Yonhee arrived first

15         and received assistance from credit union Employee, Kelly Flynn. Flores arrived
and interacted with Yonhee and Flynn in the credit union's lobby area.

16

17         When Flynn started to walk away from Flores and Yonhee, Flores charged
Yonhee and pushed her against a window. Flores pinned Yonhee with his
forearm, placed a box cutter against her face, and cut her. Flores had an "evil"

18         look on his face and Yonhee was scared. 3 Report of Proceedings (RP) at 122.
Flores dropped the box cutter onto a chair. He had Yonhee fall to the floor and

19         Flores choked her.

20         When Flores pulled Yonhee up from the floor, Yonhee saw Flores holding what
appeared to be a gun. Flores continued to hold the gun in one hand while he

21         pulled Yonhee around the lobby area, yelling at her. Flores told Yonhee that he
was going to kill himself. …

22

23         After law enforcement arrived, Flores moved Yonhee to the credit union's
vestibule and told her to run. The officers shot Flores after he raised his gun

24

REPORT AND RECOMMENDATION - 4

toward Yonhee. Flores survived. Later, law enforcement discovered that Flores actually possessed a BB gun built as a replica of Colt Defender firearm.

*See* Dkt. 37 (*citing* Dkt. 21-3 (Court of Appeals of the State of Washington, Division II, Unpublished Opinion No. 44952-8-II, affirming plaintiff's convictions).

Plaintiff alleges that toward the end of the incident, he opened the exit doors to the bank and allowed Yonhee Flores to exit the building. Dkt. 36 at 3. Plaintiff states that after he was in the parking lot, the police said "'get out of the way.' And one of them came out and grabbed me. And next thing I know, the shots are being fired." *Id.* After Yonhee Flores exited the building, plaintiff alleges that he turned in the opposite direction and defendants Osness and Kolp shot plaintiff twice in the torso and "on the back of the head." *Id.* at 3, 6.

1.  Allegations against defendant Stephens

Plaintiff alleges that defendant Stephens violated his rights under the Fourteenth Amendment when he falsely testified at trial and that defendant Stephens' false statements were inconsistent with medical records, other witnesses' statements, and the surveillance videos. *Id.* at 5, 14. Plaintiff also alleges defendant Stephens collaborated with the state prosecutor in conducting fraud on the court "designed to swindle [the] jury's mind and to assist [the] state prosecutor in securing malicious convictions on the plaintiff." *Id.* at 14. Plaintiff alleges that defendant Stephens, "through [his] malicious actions proves that [his] respective employer failed to provide [him] with adequate supervision and training." *Id.* at 14. Plaintiff also alleges that "[d]efendants Paul Osness and Joe Kolp conspired with Dan Tenney and Trent Stephens in fabricating their falsified inciden[t] reports in order to conceal their malicious actions in the use[] of excessive force and unjustified shooting on the plaintiff." *Id.* at 13.

1     Plaintiff alleges that defendant Stephens' unethical actions amount to deliberate

2  indifference, racial discrimination, a violation of plaintiff's right to equal protection and a

3  violation of plaintiff's right to due process. *Id.* at 18.

4     2.   Allegations against defendants Pastor and Julie Anderson

5     Plaintiff alleges that defendant Pastor, other "supervisor officials" from Pierce County

6  Sheriff's Department, defendant Julie Anderson from Pierce County and policy makers from

7  their respective organizations failed to provide adequate supervision, training, policies, customs,

8  and practices to defendant Stephens which violated plaintiff's rights under the due process

9  clause. *Id.* at 25. Plaintiff further alleges that defendant Pastor, other "supervisor officials" from

10  Pierce County Sheriff's Department, defendant Julie Anderson from Pierce County and policy

11  makers from their respective organizations failed to act on information that unconstitutional

12  actions were subjected on the plaintiff, failed to intervene and prevent defendant Stephens from

13  committing perjury and collaborating with the state prosecutor in conducting fraud on the court

14  during jury trial. *Id.* at 15, 24-25.

15     Plaintiff seeks compensatory damages for physical and emotional injuries and punitive

16  damages against individual defendants. Dkt. 36 at 2.

17                                    DISCUSSION

18     To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the

19  defendant must be a person acting under color of state law and (2) his conduct must have

20  deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of

21  the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981). A third element of causation is implicit

22  in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274,

23  286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert denied*, 449 U.S.

24

1  875 (1980).

2      1.  Acting under the color of state law

3          Defendant Julie Anderson is named in the complaint. Dkt. 36 at 16-17. Plaintiff fails to

4  identify her role at Pierce County but he alleges that defendant Julie Anderson failed to train and

5  supervise defendant Stephens and that she is responsible for the policies and customs that led to

6  defendant Stephens' actions. *See id.* Defendants ask the Court to take judicial notice that

7  defendant Julie Anderson is the Pierce County Auditor and that her duties fall outside of the

8  Pierce County Sheriff's Department. *See* RCW 36.22.010 (Outlining the duties of County

9  Auditors); *See Also* Doc. 21-D (List of Pierce County Elected Officials); Doc. 21-5 (Pierce

10 County Charter 2.06.020(C)).

11         The court may consider certain materials without converting the motion to dismiss into a

12 motion for summary judgment. *United States v. Ritchie*, F.3d 903, 908 (9th Cir. 2003) (*citing*

13 *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2000); *Barron v. Reich*, 13 F.3d 1370, 1377

14 (9th Cir. 1994)).  Such materials include documents attached to the complaint, documents

15 incorporated by reference in the complaint, or matters of judicial notice. *Id.*

16         Courts may take judicial notice of adjudicative facts that are "not subject to reasonable

17 dispute." Fed. R. Evid. 201(b).  A fact is not subject to reasonable dispute, and is thus subject to

18 judicial notice, only where the fact is either "(1) generally known within the territorial

19 jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

20 sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  If matters of

21 public record meet the requirements of Rule 201(b), then the court may consider the documents

22 without converting the motion to dismiss into a motion for summary judgment. *Ritchie*, 342

23 F.3d at 909.

24

1    However, the scope of an employee's official job duties is a "mixed question of fact and

2  law." *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1129 (9th Cir. 2008). The

3  question of a defendant's true responsibilities in a job is a question for the fact-finder. *Id.* Since

4  the Court's review of defendants' motion to dismiss cannot resolve issues of fact, the Court

5  declines to take judicial notice of defendant Julie Anderson's official job duties and does not

6  recommend dismissing her from this action on that basis. Accepting the truth of plaintiffs'

7  allegations, the Court finds plaintiff has sufficiently alleged that defendants Julie Anderson,

8  Stephens, and Pastor are all employed by defendants Pierce County and/or the Pierce County

9  Sheriff's Department and his allegations, if actually proven, would demonstrate that they were

10 acting within their capacity as county employees at the time of the alleged incident. *See* Dkt. 36

11 at 16, 20-21. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (Prison officials, when

12 acting in their official capacity, are acting under color of state law); *Haygood v. Younger*, 769

13 F.2d 1350, 1354 (9th Cir. 1985) (en banc). This satisfies the first requirement that defendants are

14 acting under the color of the law.

15    2.   Perjury during jury trial and fraud on the court

16    Plaintiff alleges that defendant Stephens violated his rights under the Fourteenth

17 Amendment when he falsely testified at trial and that defendant Stephens collaborated with the

18 state prosecutor in conducting fraud on the court "designed to swindle [the] jury's mind and to

19 assist [the] state prosecutor in securing malicious convictions." Dkt. 36 at 5, 14. Plaintiff also

20 alleges that defendants Julie Anderson and Pastor failed to intervene to prevent their police

21 officers from committing perjury and conducting fraud on the court during jury trial and failed to

22 provide adequate supervision, policies, customs and practices to defendant Stephens. *Id.* at 15,

23 24-25.

24

REPORT AND RECOMMENDATION - 8

1      A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the

2  plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

3  complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

4  has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  "*Heck*, in other

5  words, says that if a criminal conviction arising out of the same facts stands and is fundamentally

6  inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983

7  action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).  The § 1983

8  action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable

9  relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

10  prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of

11  confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

12      Based on the foregoing standards and viewing the allegations of plaintiff's complaint in

13  the light most favorable to him, the undersigned concludes that plaintiff cannot pursue a § 1983

14  action because he has not demonstrated that his conviction or sentence has been invalidated.  The

15  Court notes that plaintiff's sentence was remanded to the trial court because (1) when the trial

16  court sentenced plaintiff for each conviction, the judgment and sentence form failed to list the

17  counts that were orally dismissed and (2) the trial court mistakenly checked a box on the

18  judgment and sentence stating that the case involved a kidnapping or unlawful imprisonment

19  where the victim is a minor. Dkt. 21-3, *State v. Flores,* Court of Appeals of the State of

20  Washington, Division II, Unpublished Opinion No. 44952-8-II at 13-14. However, the purpose

21  of the remand was to correct the errors in the judgment and sentence related to the orally

22  dismissed counts and the scriveners error (kidnapping of a minor) and as such, does not

23

24

1   demonstrate that his conviction or sentence for assault in the second degree, kidnapping in the

2   first degree, and six counts of unlawful imprisonment was invalidated. *See id.*

3        A judgment in favor of plaintiff in this case – *i.e.,* that defendant Stephens falsely

4   testified, collaborated with the state prosecutor in conducting fraud on the court and that

5   defendants Pastor, Anderson, and Pierce County are subject to supervisory and municipal

6   liability – would necessarily imply the invalidity of plaintiff's conviction.  Such a claim is barred

7   by *Heck. See Heck,* 512 U.S. at 484-86 ("to permit a convicted criminal defendant to proceed

8   with a malicious prosecution claim would permit a collateral attack on the conviction through the

9   vehicle of a civil suit"); *Babcock v. Collord,* 1994 WL 374528, at *2 (N.D. Cal. July 5, 1994)

10  (plaintiff's allegation of perjury by a witness implicates the validity of his state criminal

11  proceedings – considered for its persuasive value).

12       To obtain federal judicial review of a state court conviction, a party must file a petition

13  for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first exhaust his state judicial

14  remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court

15  remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. §

16  2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state

17  court with a full and fair opportunity to consider all claims before presenting them to the federal

18  court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086

19  (9th Cir. 1985).  A state prisoner must present the state courts with the same claim he urges upon

20  the federal courts.  *Picard,* 404 U.S. at 276.

21       Moreover, § 1983 does not allow recovery of damages against a police officer for

22  testimony in a judicial proceeding because police officers are immune from perjured testimony.

23  *See Briscoe v. LaHue*, 460 U.S. 325 (1983).  Accordingly, the claims of false testimony and

24

1  collaboration with the state prosecutor against defendants Stephens, Julie Anderson, Pastor,

2  Pierce County Sheriff's Department, and Pierce County should be dismissed without prejudice.

3       3.  Fabrication of Evidence

4       Plaintiff alleges that defendants Osness and Kolp used excessive force when they shot

5  plaintiff and then conspired with defendants Stephens and Tenney to fabricate police reports to

6  conceal the use of excessive force. Dkt. 36 at 13. It is not clear from plaintiff's amended

7  complaint whether he alleges that defendants Julie Anderson, Pastor, Pierce County or Pierce

8  County Sheriff's Department implemented customs and policies related to defendant Stephens'

9  alleged fabrication of evidence. *See id.* at 25 (Plaintiff alleges that defendant Pastor, other

10  "supervisor officials" from Pierce County Sheriff's Department, defendant Julie Anderson from

11  Pierce County and policy makers from their respective organizations failed to provide adequate

12  supervision, training, policies, customs, and practices to defendant Stephens which violated

13  plaintiff's rights under the due process clause).

14       There is no constitutional right to a correct police report. *Landrigan v. City of Warwick*,

15  628 F.2d 736, 744 (1st Cir. 1980); *Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969); *Zahrey v.*

16  *Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) ("[t]he manufacture of false evidence, 'in and of itself,'

17  … does not impair anyone's liberty, and therefore does not impair anyone's constitutional

18  right."). An officer's falsification of a report only constitutes a due process violation when the

19  alleged falsified report leads to an unconstitutional deprivation of life, liberty, or property. *See*

20  *Johnston v. Cnty. of Sonoma*, 2011 WL 855934, at * 3 (N.D. Cal. Mar. 9, 2011) (*citing Harmon v.*

21  *City of St. Louis Cnty.*, 2009 WL 880024, at *3 (E.D. Mo. Mar. 30, 2009) ("There is no

22  constitutional right to an accurate police report," and an officer's falsification of a report "only

23  constitutes a due process violation when the alleged falsified report leads to an unconstitutional

24

deprivation of life, liberty, or property.")). To establish liability for conspiracy, a plaintiff must demonstrate existence of "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir. 1989) (en banc) (internal citations omitted).

Here, plaintiff makes no allegations that defendant Stephens used excessive force on plaintiff. Taking plaintiff's allegations as true, his liberty interest was already impaired when defendant Stephens allegedly conspired to fabricate the police report. Defendants Osness and Kolp had already shot plaintiff during the incident at the credit union. Thus, even if defendant Stephens filed a false or fabricated police report to help cover-up defendants Osness and Kolp's alleged excessive force, such action is not alleged to have caused the deprivation of plaintiff's constitutional rights at issue in this case.

Accordingly, the Court finds plaintiff has failed to set forth a cognizable § 1983 Fourteenth Amendment due process violation claim because the mere preparation and/or filing of an alleged false police report did not cause him an actual, presently existing constitutional deprivation. The Court recommends plaintiff's claims against defendant Stephens be dismissed with prejudice.

Liberally construed, plaintiff also appears to allege that defendants Pierce County, Pierce County Sheriff's Department, Pastor and Julie Anderson's failure to train, failure to provide adequate policies and failure to supervise defendant Stephens caused defendant Stephens to fabricate the police report. Dkt. 36 at 16.

A § 1983 failure to train claim has three elements: (1) the training program was inadequate "in relation to the tasks the particular officers must perform"; (2) the municipality officials were deliberately indifferent "to the rights of persons with whom the local officials

come into contact"; and (3) the inadequacy of the training " 'actually caused' the constitutional deprivation at issue." *Merritt v. Cnty. of Los Angeles,* 875 F.2d 765, 770 (9th Cir. 1989). To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.  *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978).  A municipality may only be liable if its policies are the " 'moving force [behind] the constitutional violation.' " *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (*quoting Monell*, 436 U.S. at 694).

To the extent that plaintiff's claim is based on a theory that jail officers are not properly trained in writing accurate police reports or that defendants Julie Anderson, Pastor, Pierce County and Pierce County Sheriff's Department did not properly supervise defendant Stephens when he allegedly fabricated the police report, such a claim is not cognizable under § 1983 for the reasons explained above. *See Landrigan*, 628 F.2d at 744; *Shock*, 405 F.2d at 855. Plaintiff has no constitutional right to a correct police report and the alleged fabricated police report did not cause defendant Stephens to use excessive force against plaintiff. Therefore, plaintiff cannot pursue a claim for failure to train, municipal liability or supervisory liability and the Court recommends that this claim be dismissed.

4.  Qualified Immunity – Defendant Stephens

Defendants allege that even if plaintiff has stated a claim against defendant Stephens, defendant Stephens is entitled to qualified immunity. Dkt. 37 at 19. As the Court has concluded

1   that plaintiff has failed to state a claim against defendant Stephens, it is not necessary to address

2   the question of qualified immunity.

3       5.   Equal Protection

4           Plaintiff also asserts that "[a]ll unethical and malicious actions by defendant … Stephens

5   … amounts to deliberate indifference and racial discrimination against the plaintiff in violation

6   of civil rights, equal protection of law … ." Dkt. 36 at 18. The Fourteenth Amendment's Equal

7   Protection Clause "is essentially a direction that all persons similarly situated should be treated

8   alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  To bring a

9   successful equal protection claim, a plaintiff must show differential treatment from a similarly

10  situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976).  For this differential treatment

11  to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful

12  discrimination."  *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show §

13  1983 violation in absence of "intentional or purposeful discrimination").

14          It is unclear from plaintiff's complaint what exactly his equal protection claim purports to

15  be: either he was treated differently from other individuals who have been arrested by Pierce

16  County police officers or he was treated differently because the police report was fabricated with

17  respect to the use of excessive force. Even if the Court were to consider plaintiff's allegation in

18  his response that "it is evident, racial discrimination was one of the reasons for [defendant]

19  Stephens and all other defendants' unethical actions and for deliberately violating plaintiff's

20  constitutional rights. This demonstrates local government officials' long and persistent practice

21  and custom to protect their own kind of people even to the point where they have to violate legal

22  ethical standards," *see* Dkt. 49 at 11, or the conclusory allegation in his surreply that "racial

23  discrimination plays a significant role in defendants decision and actions and defendants

24

1   unconstitutional actions sufficiently display[] discriminatory intent," *see* Dkt. 55 at 4, he still

2   does not sufficiently state a claim for equal protection. Plaintiff has failed to plead any facts

3   showing how he was treated differently or that defendants' actions were intentionally or

4   purposefully based on discriminatory intent or purpose. *See Gumataotao v. Dir. of Dep't of*

5   *Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001) (When resolving a motion to dismiss

6   for failure to state a claim, a district court may consider material which is properly submitted as

7   part of the complaint); *See Draper*, 315 F.2d at 198.

8        Thus, the Court recommends that plaintiff's equal protection claim be dismissed but that

9   plaintiff be granted leave to amend his complaint. In his amended complaint, plaintiff must state

10  specific facts, if any, demonstrating how he was treated differently and any facts showing a

11  specific discriminatory motive. Furthermore, plaintiff must link the named defendants to the

12  alleged constitutional violations.

13      6.  Leave to Amend Complaint

14       Based on the complaint currently before the Court, defendants are entitled to have their

15  motion to dismiss granted with respect to all of plaintiff's claims.  However, the Ninth Circuit

16  has established that pro se litigants bringing civil rights actions must be given an opportunity to

17  amend their complaint to overcome deficiencies unless it is clear that such deficiencies cannot be

18  overcome by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

19       The defects in plaintiff's case as to his claim that defendant Stephens committed perjury

20  at trial and conducted fraud on the court, *see* Dkt. 36 at 5, 14,  and that defendants Julie

21  Anderson and Pastor failed to intervene to prevent defendant Stephens from committing perjury

22  and conducting fraud, *id.* at 15, 24-25, cannot be cured by amendment of the complaint. Plaintiff

23  must first proceed through habeas corpus and attempt to get his criminal conviction overturned.

24

Further, under the facts alleged by plaintiff, his claim of fabrication of evidence cannot be cured because plaintiff has not stated that defendants caused any alleged constitutional violation. Therefore, the Court recommends that defendants' motion to dismiss be granted as to this claim without leave to amend.

However, the defects in plaintiff's complaint that defendant Stephens' malicious and unethical actions constituted racial discrimination and violated plaintiff's right to equal protection, *see* Dkt. 36 at 18, could be cured by amendment. Thus, the Court recommends that defendants' motion to dismiss be granted but that plaintiff be granted leave to amend this claim.

CONCLUSION

For the reasons set forth above, the Court recommends granting the Pierce County defendants' motion to dismiss without leave to amend as to plaintiff's claims of perjury, fraud on the court and the fabrication of evidence. The Court recommends granting the Pierce County defendants' motion to dismiss but with leave to amend as to plaintiff's equal protection claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 13, 2015** as noted in the caption.

Dated this 16th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge