UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD FLORES,

                Plaintiff,

    v.

CITY OF LAKEWOOD.

                Defendant.

CASE NO. 3:15-CV-05013-BHS-JRC

ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    Before the Court is Plaintiff's second motion for extension of the discovery deadline. Dkt. 66. Having considered the motion, defendants' opposition (Dkts. 70, 71) and balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

    A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Pursuant to Fed. R. Civ. P. 16(b), the Court considers the diligence of

the party seeking the amendment in determining "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

The discovery deadline was originally set for September 18, 2015. Dkt. 24. The scheduling order states that the "serving party must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer." *Id.* Plaintiff requested an extension of the discovery deadline, Dkt. 39, and the Court granted a two month extension. Dkt. 56.

Plaintiff now seeks a second extension of the discovery deadline. Dkt. 66. He states that he faces complexities of interstate correspondence between plaintiff and defendants. *Id.* However, he does not describe what discovery he seeks nor does he explain why he has not pursued this unidentified discovery before. Nor has he described what steps he has taken to obtain this unidentified discovery before seeking this extension. In fact, according to plaintiff's motion, he failed to submit a timely discovery request but still received a response from the City of Lakewood defendants on November 16, 2015. *Id.* at 2. Plaintiff has had eight months to pursue discovery in this matter. He has not shown good cause to extend the discovery deadline a second time. Therefore, plaintiff's second motion for extension of the discovery deadline is denied.

In his motion, plaintiff also requests that the Court lift the stay of discovery against the Pierce County defendants. Dkt. 66. The Court stayed all discovery pending the Court's ruling on the Pierce County defendants' motion to dismiss. Dkt. 56. On December 9, 2015, the Court ordered that all matters in plaintiff's amended complaint were dismissed against the Pierce County defendants. Dkts. 60, 69. While the Court gave plaintiff leave to amend his complaint

on or before January 21, 2016, with respect to his equal protection claim, *see id.;* Dkt. 74, plaintiff has not done so at this time.

      Until plaintiff files an amended complaint with respect to his equal protection claim, the Pierce County defendants are no longer parties to this action. The Court cannot lift the stay of discovery to include defendants who are no longer part of this action. Thus, plaintiff's request is denied.

      Dated this 28th day of December, 2015.

_____
J. Richard Creatura
United States Magistrate Judge