UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD FLORES,

      Plaintiff,

 v.

CITY OF LAKEWOOD, et al.,

      Defendants.

CASE NO. C15-5013 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND DECLINING TO ADOPT IN PART

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 68), and the parties' objections to the R&R (Dkts. 72, 73).

**I. PROCEDURAL BACKGROUND**

On February 3, 2015, Plaintiff Arnold Flores ("Flores") filed a 42 U.S.C. § 1983 complaint against Pierce County, the City of Lakewood, and various individuals. Dkt. 7. Flores filed an amended complaint on August 10, 2015. Dkt. 36 ("Comp."). Flores alleges claims for perjury, fraud on the court, fabrication of evidence, failure to train, equal protection, conspiracy, and excessive force. *Id.* ¶¶ 45–58.

On August 24, 2015, the Pierce County Defendants[1] moved to dismiss Flores's amended complaint under Rule 12(b)(6). Dkt. 37. Judge Creatura recommended granting the motion, but with leave to amend as to Flores's equal protection claim. Dkt. 60. No objections were filed, and the Court adopted the R&R. Dkt. 69.

On October 15, 2015, the City of Lakewood Defendants[2] moved for summary judgment. Dkt. 57. In their motion, the City of Lakewood Defendants incorporated by reference the Pierce County Defendants' motion to dismiss. *Id.* at 1, 10. Although the City of Lakewood Defendants sent Flores a *Rand* notice, Dkt. 59, Flores did not respond to their motion.

On December 4, 2015, Judge Creatura issued the R&R on the City of Lakewood Defendants' motion. Dkt. 68. Judge Creatura construed their motion in part as a motion to dismiss and in part as a motion for summary judgment. *Id.* With regard to Flores's claims of perjury, fabrication of evidence, and failure to train officers not to fabricate evidence, Judge Creatura recommended granting the motion to dismiss without leave to amend. *Id.* at 6–10, 12. As for Flores's equal protection claim, Judge Creatura recommended granting the motion to dismiss with leave to amend. *Id.* at 10–12. With respect to Flores's excessive force claim against Paul Osness ("Osness") and Joe Kolp ("Kolp"), Judge Creatura recommended denying summary judgment. *Id.* at 16–21.

---

[1] The Pierce County Defendants include Julie Anderson, Paul Pastor, Trent Stephens, Pierce County, and the Pierce County Sheriff's Department. Dkt. 37 at 1.
[2] The City of Lakewood Defendants include Don Anderson, Brett Farrar, Richard Hall, Bryan Johnson, Joe Kolp, Paul Osness, Viengsavahn Sivankeo, Dan Tenney, the City of Lakewood, and the Lakewood Police Department. Dkt. 57 at 1.

Finally, Judge Creatura recommended granting summary judgment on Flores's remaining claims against the City of Lakewood, Lakewood Police Department, Don Anderson, Brett Farrer, Richard Hall ("Hall"), Dan Tenney ("Tenney"), and Bryan Johnson ("Johnson"). *Id.* at 21.

On December 18, 2015, Flores filed objections. Dkt. 72. That same day, the City of Lakewood Defendants filed objections.[3] Dkt. 73. Neither party responded.

## II. DISCUSSION

Both Flores and the City of Lakewood Defendants object to Judge Creatura's recommended disposition. Dkts. 72, 73.

### A. Standard

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. City of Lakewood Defendants' Objections

The City of Lakewood Defendants object to the R&R on various grounds. Dkt. 73. First, Defendants argue Flores should not be granted leave to amend his equal protection claim because they brought their motion under Rule 56 rather than Rule

---

[3] In their objections, the City of Lakewood Defendants repeatedly refer to "the Commissioner." *See* Dkt. 73. Judge Creatura is a United States Magistrate Judge, not a commissioner.

1  12(b)(6). *Id.* at 1. Defendants, however, rested on the arguments in the Pierce County

2  Defendants' Rule 12(b)(6) motion with respect to Flores's equal protection claim. *See*

3  Dkt. 57 at 1, 10. The Court therefore finds it was not error for Judge Creatura to construe

4  Defendants' motion as a motion to dismiss that claim. Moreover, Judge Creatura

5  properly determined Flores should be granted leave to amend because it appears Flores

6  could cure his equal protection claim by amendment. *See Lopez v. Smith*, 203 F.3d 1122,

7  1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to

8  amend the pleading was made, unless it determines that the pleading could not possibly

9  be cured by the allegation of other facts.").

10     Defendants also object to Judge Creatura's consideration of Flores's verified

11 complaint in ruling on their summary judgment motion. Dkt. 73 at 2. According to

12 Defendants, "many of the allegations in [Flores's] complaint are not made on personal

13 knowledge, would not be admissible in evidence, and should therefore not be

14 considered." *Id.* Other than this conclusory assertion, Defendants do not point to any

15 allegations in Flores's complaint that are deficient. Thus, Defendants have not shown

16 Judge Creatura erred by considering Flores's verified complaint. *See Schroeder v.*

17 *McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) ("A verified complaint may be used as an

18 opposing affidavit under Rule 56.").

19     Next, Defendants contend Judge Creatura should have considered Exhibit 7, which

20 contained video footage taken by a security camera of the shooting. Dkt. 73 at 2–3.

21 Judge Creatura declined to consider Exhibit 7 because it was not supported by a

22 declaration made on personal knowledge. Dkt. 68 at 13–14. Defendants object to this

1 conclusion, arguing "[t]he foundation for the video was laid during the criminal trial on this matter and it was admitted into evidence." Dkt. 73 at 2–3.

While Exhibit 7 may have been admitted into evidence in another case, Defendants have failed to properly authenticate the video in this case. *See Forest v. Equitable Life Assurance Soc'y of U.S.*, No. C99-5173, 2001 WL 1338809, at *3 (N.D. Cal. June 12, 2001) (declining to consider exhibits from another case that were not properly authenticated in the instant case). The video was attached to defense counsel's declaration, but defense counsel does not have personal knowledge of the video footage. *See* Dkt. 58, Declaration of George Mix ("Mix Dec.") ¶ 8. Because Exhibit 7 has not been authenticated in this case, Judge Creatura did not err in declining to consider the video on summary judgment. *See Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (holding unauthenticated documents cannot be considered on a summary judgment motion).

Finally, Defendants disagree with Judge Creatura's recommendation that summary judgment be denied on Flores's excessive force claim against Osness and Kolp. Dkt. 73 at 2. Defendants contend "the undisputed facts show [Flores] was resisting arrest . . . and other exigent circumstances existed." *Id.* As Judge Creatura explained, there are conflicting accounts as to the circumstances surrounding the officers' use of force. Dkt. 68 at 18. For example, Flores alleges the officers shot him while he was lying on the ground, injured and unarmed. Comp. ¶ 2. Meanwhile, Osness testified that Flores "started raising the gun toward [Yonhee Flores]"and then he and Kolp fired their guns.

Mix Dec., Ex. 5 at 27.  In light of these disputed facts, Judge Creatura correctly determined summary judgment on Flores's excessive force claim should be denied.

**B.    Flores's Objections**

Flores also raises several objections to the R&R.  Dkt. 72.  First, Flores objects to Judge Creatura's conclusion as to his municipal liability claim.  *Id.* at 1–2.  Judge Creatura recommended granting summary judgment because Flores did not identify a municipal policy, custom, or practice responsible for his alleged constitutional injury.  Dkt. 68 at 21.  Flores, however, premised his municipal liability claim in part on the failure to train officers on lawful uses of force.  *See* Comp. ¶ 36.  A municipality may be held liable for inadequate police training "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Because Judge Creatura did not address Flores's failure to train claim as it related to the use of force,[4] the Court declines to adopt Judge Creatura's recommendation that the Court grant summary judgment on municipal liability.  *See* Dkt. 68 at 21.

Flores also disagrees with the recommended disposition of his conspiracy claim.  Dkt. 72 at 2.  Construing Flores's complaint liberally, Flores alleges Tenney, Hall, and Johnson conspired to conceal Osness and Kolp's use of force by fabricating police reports and evidence.  Comp. ¶¶ 4, 17, 31, 47.  Judge Creatura determined the *Heck*

---

[4] Judge Creatura addressed Flores's failure to train claim with respect to fabricated police reports.  Dkt. 68 at 9.

doctrine barred Flores's claims based on fabricated evidence. Dkt. 68 at 8–9. Flores has not demonstrated that Judge Creatura's conclusion was in error.

To the extent Flores argues the City of Lakewood Defendants failed to provide discovery, Dkt. 72 at 6, Flores has not moved to compel discovery nor moved to continue the summary judgment motion.

## III. ORDER

The Court having considered the R&R, the parties' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and **DECLINED in part**; and

(2) This case is **RE-REFERRED** for further proceedings.

Dated this 2nd day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge