UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD FLORES,

           Plaintiff,

   v.

CITY OF LAKEWOOD, et al.,

           Defendant.

CASE NO. 3:15-CV-05013-BHS-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL, ORDER DENYING MOTION FOR DEFAULT, AND ORDER DENYING MOTION FOR DISCOVERY

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

    Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are three motions filed by plaintiff: (1) third motion for appointment of counsel (Dkt. 83); (2) request/motion for clerk's entry of default (Dkt. 86) and (3) motion for discovery (Dkt. 89). Also pending is defendant Stephens' motion to

ORDER DENYING MOTION TO APPOINT COUNSEL, ORDER DENYING MOTION FOR DEFAULT, AND ORDER DENYING MOTION FOR DISCOVERY - 1

dismiss, which the undersigned will address in a separately filed report and recommendation. *See* Dkt. 77.

### 1. Third Motion to Appoint Counsel (Dkt. 83)

Before the Court is plaintiff's third motion to appoint counsel. Dkt. 83. Plaintiff states that he has survived defendants' motion for summary judgment, he is without proper training or education and the issues in this case are very complex. Dkt. 83 at 1-2.

Defendants Anderson, City of Lakewood, Farrar, Hall Johnson, Kolp, Osness, Sivankeo and Tenney oppose plaintiff's motion for appointment of counsel stating that this is plaintiff's third such motion, and that plaintiff has failed to show a likelihood of success on the merits and that the legal issues are not complex. Dkt. 90. Defendants argue that plaintiff fails to show that he has an insufficient grasp of the legal issues involved in his case or an inadequate ability to articulate the factual basis of his claim as plaintiff has filed several lengthy and detailed complaints as well as filed and opposed various motions through the course of litigation. Dkt. 90 at 3.

There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

ORDER DENYING MOTION TO APPOINT
COUNSEL, ORDER DENYING MOTION FOR
DEFAULT, AND ORDER DENYING MOTION
FOR DISCOVERY - 2

1    Plaintiff cites to *Kearn v. Lakewood Police Dep't,* 2011 U.S. Dist. LEXIS 107341, 2011
2  WL 4402779 (W.D. Wash. Sept. 21, 2011), for the proposition that because he has survived a
3  motion for summary judgment, counsel should be appointed. Dkt. 94 at 3. However, in *Kearn,*
4  the court did not address the appointment of counsel and it is unclear what plaintiff is referring
5  to.
6    Plaintiff also cites to *Solis v. Cty. of Los Angeles,* 514 F.3d 946, 958 (9th Cir. 2008), in
7  which the Ninth Circuit reversed the district court's order denying the plaintiff's motion to
8  appoint counsel when plaintiff's case was proceeding to trial and instructed the district court to
9  reconsider plaintiff's request. In *Solis,* because the district court failed to articulate its reasons for
10 denying the plaintiff's request for counsel, the Court of Appeals could not determine on appellate
11 review whether the denial constituted an abuse of discretion. *Id.*
12   Based on the allegations in plaintiff's complaint, this case does not involve complex facts
13 or law.  And despite plaintiff's arguments otherwise, he appears able to articulate his claims *pro*
14 *se* in light of the complexity of the legal issues involved, as evidenced by the fact that the Court
15 deemed his amended complaint serviceable, plaintiff has filed several amended complaints and
16 motions, and plaintiff has opposed defendants' motions.  While plaintiff's claims may have
17 merit, it is not possible to determine plaintiff's likelihood of success at this point in the litigation.
18 Accordingly, exceptional circumstances do not exist and plaintiff's motion to appoint counsel is
19 denied without prejudice. Plaintiff may renew his motion for appointment of counsel at a later
20 date if this case does in fact proceed to trial.
21   **2.  Request/Motion for Clerk's Entry of Default (Dkt. 86)**
22   Before the Court is plaintiff's request/motion for clerk's entry of default. Dkt. 86. The
23 City of Lakewood defendants responded, arguing that plaintiff had failed to file an amended
24

ORDER DENYING MOTION TO APPOINT
COUNSEL, ORDER DENYING MOTION FOR
DEFAULT, AND ORDER DENYING MOTION
FOR DISCOVERY - 3

1    complaint with respect to the Court's order. Dkt. 88. In his reply, plaintiff alleges that he filed his
2    third amended complaint on January 5, 2016 (Dkt. 76). Dkt. 92.

3    In a Report and Recommendation dated December 4, 2015, the undersigned
4    recommended granting the City of Lakewood defendants' motion to dismiss (Dkt. 57) and
5    allowing plaintiff to file an amended complaint as to his equal protection claims. Dkt. 68. On
6    February 2, 2016, the District Court adopted the Report and Recommendation in part and granted
7    the City of Lakewood defendants' motion to dismiss but granted plaintiff leave to amend his
8    equal protection claim. Dkt. 79 at 4. The Court then granted plaintiff until March 4, 2016 to
9    submit an amended complaint "as to his equal protection claim against the City of Lakewood
10   defendants." Dkt. 82. Plaintiff was advised that if he failed to file an amended complaint by
11   March 4, 2016, the undersigned would recommend dismissal of his equal protection claim
12   against the City of Lakewood defendants. *Id.*

13   While plaintiff did not file another amended complaint after entry of the Court's Order
14   (Dkt 82), on January 5, 2016, plaintiff filed his third amended complaint against defendants City
15   of Lakewood, Lakewood Police Department, Anderson, Farrar, Osness, Kolp, Tenney, Hall,
16   Johnson and Stephens (Dkt. 76).  Based on plaintiff's reply (Dkt. 92), it appears that plaintiff
17   intended for his third amended complaint to serve as his amended complaint against the City of
18   Lakewood defendants.

19   Because it was unclear whether plaintiff intended his third amended complaint to serve as
20   his response to the Court's February 10, 2016 order (Dkt. 82), plaintiff's motion for default is
21   denied. The City of Lakewood defendants are ordered to file an answer to plaintiff's third
22   amended complaint (Dkt. 76) within thirty days of the entry of this order.

23

24
ORDER DENYING MOTION TO APPOINT
COUNSEL, ORDER DENYING MOTION FOR
DEFAULT, AND ORDER DENYING MOTION
FOR DISCOVERY - 4

### 3. Motion for Discovery (Dkt. 89)

Plaintiff moves a third time to compel discovery. Dkt. 89. Plaintiff requests that the Court compel defendants to produce documents requested on August 25, 2015 and October 19, 2015 "through the Court's e-filing system" and through the prison legal system. Dkt. 89.

Plaintiff has twice requested extensions of the discovery deadline and while the Court granted plaintiff's first request, it denied plaintiff's second request. *See* Dkts. 56, 66, 75. Plaintiff's third request is untimely as the Court ordered the parties to complete discovery by November 18, 2015, and to serve all discovery requests by October 18, 2015 so the responding party could answer by the discovery cut-off date. Plaintiff has not shown good cause for extending the discovery period. Therefore, the Court denies plaintiff's motion for discovery (Dkt. 89).

Dated this 14th day of March, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL, ORDER DENYING MOTION FOR DEFAULT, AND ORDER DENYING MOTION FOR DISCOVERY - 5