UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARNOLD FLORES,

                Plaintiff,

v.

CITY OF LAKEWOOD, et al.,

                Defendants.

CASE NO. C15-5013 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 97), and Plaintiff Arnold Flores's ("Flores") objections to the R&R (Dkt. 99).

On February 3, 2015, Flores filed a 42 U.S.C. § 1983 complaint against Pierce County, the City of Lakewood, and various individuals. Dkt. 7. Flores filed an amended complaint on August 10, 2015. Dkt. 36. Flores asserted claims for perjury, fraud on the court, fabrication of evidence, failure to train, equal protection, conspiracy, and excessive force. *Id.* ¶¶ 45–58.

On August 24, 2015, the Pierce County Defendants[1] moved to dismiss Flores's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 37. Judge Creatura recommended granting the motion, but with leave to

---

[1] The Pierce County Defendants include Julie Anderson, Paul Pastor, Trent Stephens, Pierce County, and the Pierce County Sheriff's Department. Dkt. 37 at 1.

amend as to Flores's equal protection claim. Dkt. 60. Judge Creatura explained the deficiencies in Flores's complaint and how he could overcome them. *Id.* at 15. No objections were filed, and the Court adopted the R&R. Dkt. 69.

On January 5, 2016, Flores filed a third amended complaint. Dkt. 76. Defendant Trent Stephens ("Stephens") moved to dismiss under Rule 12(b)(6). Dkt. 77. On March 14, 2016, Judge Creatura issued an R&R on Stephens's motion. Dkt. 97. Judge Creatura recommended dismissing Flores's equal protection and conspiracy claims against Stephens without leave to amend. *Id.* at 8–12. On March 22, 2016, Flores filed objections. Dkt. 99. Stephens did not respond.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Flores objects to the R&R on three grounds. Flores first argues he clearly stated claims and sufficient facts against Stephens. Dkt. 99 at 1. The Court disagrees. With respect to his equal protection claim, Flores has failed to allege sufficient facts demonstrating Stephens intentionally discriminated against him based on his membership in a protected class. *See Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Similarly, Flores has failed to allege facts showing Stephens conspired to violate his equal protection rights. *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see*

*also Serrano*, 345 F.3d at 1082.  Judge Creatura did not err in concluding that Flores's equal protection and conspiracy claims should be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1120 (9th Cir. 2000).

Flores next contends Judge Creatura unfairly disregarded the declaration he submitted in response to Stephens's motion to dismiss.  Dkt. 99 at 1.  "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted).  Flores has not demonstrated that any exceptions to this rule apply to his declaration.  Finally, Flores argues Stephens failed to provide a declaration disproving Flores's claims against him.  Dkt. 99 at 1. This argument is without merit. The scope of review on a Rule 12(b)(6) dismissal is limited to Flores's complaint, and all factual allegations are taken as true and construed in Flores's favor. *Lee*, 250 F.3d at 688. Thus, Stephens was not required to provide a declaration.

Therefore, the Court having considered the R&R, Flores's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This case is **RE-REFERRED** for further proceedings.

Dated this 20th day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge