UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARNOLD FLORES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LAKEWOOD, et al.,<br><br>　　　　　　Defendants. | CASE NO. C15-5013 BHS-JRC<br><br>ORDER DIRECTING<br>SUPPLEMENTAL BRIEFING |

Before the Court is the City of Lakewood defendants' second motion for summary judgment. Dkt 100. The Court has reviewed this entire record, once again, including plaintiff's response and supplemental response. Dkt 102, 107. In particular, the Court has viewed the security video that was attached to the Declaration of Ashley, Dkt 100-1.

The video clearly shows that while plaintiff and Yonhee Flores were in the vestibule of the bank, the glass surrounding the vestibule shattered and plaintiff collapsed to the floor. It stands to reason, based on the evidence presented that this resulted from at least one shot, possibly two, being fired by the officers. At that moment, Yonhee Flores was still within very close proximity to plaintiff. It was after this moment that Yonhee Flores left the vestibule. This

clearly contradicts Yonhee Flores' account of what occurred when she testified "He opened the doors, and I ran out.  As I was halfway out the parking lot the police said, 'Get out of the way."  And one of them came out and grabbed me.  And the next thing I know, the shots being fired."  Dkt. 81, Exhibit 5, p. 132.

The video does not make clear how many shots were fired.  Defendant Osness and others have testified that there were two rounds fired -- one by him and one by defendant Kolp – both fired within moments of each other. *See, e.g.*, Declaration of George A. Mix in support of City of Lakewood Defendants' [First] Motion for Summary Judgment, Dkt. 58, with the attached "true and correct copy of portions of the Verbatim Report of Proceedings for Officer Paul Osness," pp. 27-28. The video is not inconsistent with this testimony.

However, plaintiff claims in his third amended complaint and pleadings in opposition to defendants' summary judgment motion, that he was shot three times – not twice. Dkt. 76 at p. 4, ¶¶ 18-19; Dkt. 107 at pp. 2-3.  He claims, "based upon information and belief," that after he was laying on the floor of the vestibule, defendant Kolp then shot plaintiff in the back of the head. Dkt. 76 at p. 4, ¶¶ 18-19; Dkt. 107 at pp. 2-3. There is no video to support, or to refute, this claim as the video is very short and ends as plaintiff falls to the floor.

"A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir.1996) (*quoting McElyea v. Babbitt*, 833 F.2d 196, 197-98 & n.1 (9th Cir. 1987) (per curiam)); *see also Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).  When a plaintiff states that the facts in the complaint are true under the pains and penalties of perjury, *see Schroeder v. MacDonald*, 55

F.3d 454, 460 n.10 (9th Cir. 1995), or avers that they are "true and correct," *Johnson*, 134 F.3d at 1399, the pleading is "verified."

Although plaintiff titles his third amended complaint "verified," he does not state that the facts in the complaint are true under the pains and penalties of perjury or include a statement made under oath as to the veracity of his allegations. Additionally, a verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is based on personal knowledge. *Id.* at 1400-01; *Schroeder*, 55 F.3d at 460 (citing *Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991)). However, plaintiff's allegation against defendant Kolp that he shot plaintiff in the back of the head after plaintiff was already lying on the floor is not based on personal knowledge, but instead, based on "information and belief." See Dkt. 76 at p. 4, ¶¶ 18-19.

Additionally, the Court previously has taken judicial notice of portions of the trial transcripts from plaintiff's criminal trial. Dkt. 60 at pp. 7, 9-10 (citing United States v. Ritchie, F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2000); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); Fed. R. Evid 201(b)).  In that trial, plaintiff testified that he doesn't remember what happened at the time he was shot. Dkt. 21-2 at 12:

> Q: Oh, okay. What is the first thing you remember, Mr. Flores, after? Do you remember anything in the bank -- actually, let me ask that -- a single thing, after seeing Ms. Flores in the lobby?
> A: No, sir.
> Q: Single thing, nothing?
> A: Nothing.
> Q: You don't remember being shot by the police?
> A: No, sir.

Dkt. 21-2 at pp. 10, ll. 9-18, 12, ll. 5-13.

While this would lead the Court to conclude that plaintiff's allegation of a third shot was not based on personal knowledge or admissible evidence, plaintiff submitted a portion of a medical report from Tacoma General Hospital, attached as Exhibit 7 to his "verified" third amended complaint, illustrating that he may have been shot three times – not twice, as asserted by defendants. This medical report, indicating three "missile wounds," however, appears to be incomplete as it includes only pages 64, 65, and 95 of what appears to be a small portion of a large medical record. Dkt. 76-1, Exhibit 7 at pp. 32-34. Furthermore, the report does not include a narrative or any information about the "missile wound" to the scalp. The following drawing and incomplete medical record appear at Dkt. 76-1, Exhibit 7 at 34 ("4: Missile wound Right posterior scalp").



1: Missle wound x 2 to R side/flank area.
2: Missle wound RFA
3: Small wound posterior right thigh.
4: Missle wound Right posterior scalp.

Plaintiff also attaches deposition testimony to his third amended complaint which indicates that a full investigation of the shooting was conducted by the Lakewood Police Department and the Pierce County Prosecutor's Office, Dkt. 76-1 at pp. 18-19, 26-27, but neither of those investigations has been submitted to the Court. The parties have not submitted

in support of this second motion for summary judgment, currently before the Court, any supporting or opposing affidavits showing how many total shots were fired by whom and when. Although defendant Osness and others testified to two shots within moments of each other, none of this testimony would be inconsistent with a third shot after plaintiff was down, as plaintiff alleges. Moreover, again, the video does not put that issue to rest.

The above review of the evidence is provided to the parties to illustrate that although there is conflicting evidence, the evidence submitted is incomplete or otherwise inadmissible. In this posture, the Court is not able to render a fully informed and reasoned decision.

The Ninth Circuit and Supreme Court precedents allow the Court to *sua sponte* order supplemental briefing. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002); *United States Nat'l Bank v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445-48 (1993). In *Warren*, the Ninth Circuit explained:

> When judges ask for supplemental briefing on an issue, it does not mean, as the dissent mistakenly asserts, that they have decided to reach a particular result. The purpose of requesting briefing in this case is to obtain more information in order to make a more informed and reasoned decision about *whether* to address an issue and, if so, how the issue should be resolved. Information, speech, and truth do not hurt; they only shed light. That is a fundamental tenet not only of our judicial system but of our democracy.

*Warren,* 282 F.3d at 1120 (Judge Reinhardt, concurring).

Therefore, based on the Court's broad discretion in allowing supplemental briefing, the Court hereby ORDERS:

1. The parties may file supplemental briefing on or before August 22, 2016, reflecting their respective positions on the following topics:

    a. Can the Court grant summary judgment based on the video, when the video does not clearly contradict plaintiff's allegations in his third amended complaint regarding a third shot

to the head while he was down or the medical evidence attached to the complaint apparently documenting a third "Missle wound"?

      b.    Is there admissible and uncontradicted evidence regarding how many shots were fired, by whom, and when?

    2.  The parties may submit a memorandum of no more than five pages. The parties are also free to submit additional evidence, in the form of affidavits or declarations, shooting investigations, or further medical reports, or a more complete video, addressing the Court's requested topics.

Dated this 9th day of August, 2016.

_____
J. Richard Creatura
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 6