UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARNOLD FLORES,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF LAKEWOOD, et al.,<br><br>                Defendants. | CASE NO. C15-5013BHS<br><br>ORDER DENYING MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS |

This matter comes before the Court on Plaintiff Arnold Flores's ("Flores") motion to proceed on appeal *in forma pauperis*. Dkt. 121.

On September 30, 2016, the Honorable J. Richard Creatura, United States Magistrate Judge, issued a Report and Recommendation ("R&R") that the Court grant Defendants' motion for summary judgment because no questions of material fact remained for trial. Dkt. 114. On October 13, 2016, Flores filed objections. Dkt. 115. On December 1, 2016, the Court adopted the R&R, granted summary judgment in favor of defendants, and revoked Flores' *in forma pauperis* status. Dkt. 116.

"[A]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In this context, an

appeal is taken in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous if it has 'no arguable basis in fact or law.'" *OLoughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

At summary judgment, there was no question of material fact and Defendants were clearly entitled to summary judgment as a matter of law. While the record contained conflicting versions of the circumstances surrounding Flores's shooting, Flores relied on (1) his wife's testimony at his criminal trial that Flores took out of context (Dkt. 114 at 10) and (2) a medical report that showed he suffered from four wounds (*id*. at 12). However, Flores admitted that he doesn't remember being shot by the police (*id*. at 11–12) and overwhelming evidence directly contradicts Flores's version of the shooting, including video evidence.

The Court adopted the R&R and found that no reasonable juror would believe Flores. *Scott v. Harris*, 550 U.S. 372 (2007). Indeed, there is no doubt that Flores was shot by police officers through a window from outside the bank while he was apparently armed and "engaged in the severe crimes of assault in the second degree, kidnapping in the first degree, and six counts of unlawful imprisonment, for which he received a significantly long sentence." *See* Dkt. 114 at 18. Under these circumstances, the Court finds that an appeal regarding "police excessive force" (Dkt. 121 at 1) is frivolous, and Flores's appeal is not taken in good faith.

Therefore, it is hereby **ORDERED** that Flores's motion to proceed on appeal *in forma pauperis* (Dkt. 121) and his motion for transmission (Dkt. 123) are **DENIED**. The

1 | Clerk shall immediately inform the parties and the Court of Appeals as required by Fed.

2 | R. App. P. 24(a)(4). Flores may file a motion to proceed in forma pauperis directly with

3 | the Court of Appeals within thirty days after receiving notice of this order. *See* Fed. R.

4 | App. P. 24(a)(5).

5 |     Dated this 8th day of February, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge